IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWANI K BHAKHRI, | No   C-05-3260 VRW |
|     Plaintiff, | ORDER |
|     v | |
| BRIJ MOHAN DHIR, | |
|     Defendant. / | |

On October 21, 2005, the court issued an order to show cause in writing on or before October 31, 2005, why Dhir's August 10, 2005, notice of removal from Alameda County superior court satisfies 28 USC §§ 1441(b) and 1446(d).  Doc #9.  In particular, the court noted that Dhir appears to be a California resident, thereby precluding removal under 28 USC § 1441(b), and that "the court's docket does not indicate any service of the notice of removal on the state court clerk," implying the removal was procedurally inadequate under 28 USC § 1446(d).  Id.

On October 26, 2005, Bhakhri responded to the show cause order by agreeing with the court's reasoning in that order and

requesting that the court remand this case to state court. Doc #10. On October 28, 2005, Dhir filed a declaration stating that he had served the relevant parties with the notice of removal in a timely manner, thus addressing whether his removal satisfies the procedural requirements of 28 USC § 1446(d). Doc #11.

Dhir then addressed whether his removal satisfies 28 USC § 1441(b) in a second declaration filed on November 2, 2005, two days after the October 31, 2005, deadline. Doc #12. Dhir explained that "[t]his [case] is not a general removal under section 1441 of Title 28; but, special removal under section 1443 following section 1334 of Title 28 for civil rights federal jurisdiction." Id at 3. Section 1334 deals with bankruptcy proceedings and is inapplicable. Instead, Dhir would seem to refer to 28 USC § 1343, which Dhir has cited elsewhere in his second declaration and which provides for federal jurisdiction over certain civil rights claims.

The court does not have to consider Dhir's second declaration, as it was filed after the October 31, 2005, deadline. But in any case, removal under either 28 USC § 1443 or § 1343, as Dhir has alleged, is improper here.

Section 1443(2) is inapplicable here because Dhir was neither a federal officer nor a person assisting a federal officer in performance of his official duties as required under this statute. See <u>Greenwood v Peacock</u>, 384 US 808, 814-24 (1966). 28 USC § 1443(1) also does not apply because Dhir has not shown that he was deprived of rights guaranteed by a law providing for equal civil rights. Bhakhri has asserted only a state law libel claim, Doc #1 at Ex A, which does not arise under the Constitution,

2

treaties or laws of the United States, much less provide for "equal" civil rights within the meaning of section 1443(1). Id at 825. Accordingly, 28 USC § 1443(1) does not provide a basis for removal.

Moreover, 28 USC § 1343 does not create federal jurisdiction over Bhakhri's claim that would justify removal as that claim does not implicate civil rights or elective franchise. See <u>Buerger v Southwestern Bell Telephone</u>, 982 F Supp 1253, 1255-56 (ED Tex 1997); <u>Spampinato v M Breger & Co</u>, 166 F Supp 33, 35-36 (EDNY 1958). Hence, no jurisdiction exists under 28 USC § 1343.

Accordingly, the court REMANDS the case to Alameda County superior court. The clerk is DIRECTED to close the file and TERMINATE all motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3