IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
ASHWANI K BHAKHRI,                    No   C-05-3260 VRW

        Plaintiff,                         ORDER

     v

BRIJ MOHAN DHIR,

        Defendant.
                                    /
```

    On November 29, 2005, the court remanded this case to Alameda County superior court for lack of subject matter jurisdiction. Doc #13. Defendant Brij Mohan Dhir ("Dhir") then requested leave to file a motion for reconsideration pursuant to Civ L R 7-9(b). Doc #14.

    Some of the confusion here seems to exist because this case actually stems from two separate state cases. In case no HG03112305 ("'305 case"), Dhir sued Ashwani K Bhakhri ("Bhakhri") and other parties for, inter alia, federal civil rights and constitutional violations. In case no HG05224370 ("'370 case"), Bhakhri sued Dhir on a single, state-law libel claim. Dhir asserts in the present motion that when determining whether remand was

proper, the court should have considered Dhir's federal claims in the '305 case. Id at 2-3.

Federal jurisdiction is normally measured by the yardstick of the well-pleaded complaint rule. "Under this rule, 'a cause of action arises under federal law only when the plaintiffs' well-pleaded complaint raises issues of federal law.' For removal to be appropriate, a federal question must appear on the face of the complaint." Toumajian v Frailey, 135 F3d 648, 653 (9th Cir 1998) (quoting Metropolitan Life Ins Co v Taylor, 481 US 58, 63 (1987) and citing Franchise Tax Board v Construction Laborers Vacation Trust, 463 US 1, 9-10 (1983)). In addition, only a defendant may remove a case to federal court. See, e g, 28 USC §§ 1441(a), 1443.

Because Dhir is the plaintiff, not the defendant, in the '305 case, Dhir cannot remove that case to federal court. And because Bhakhri only asserted a state-law libel claim in the '370 case, the well-pleaded complaint rule prevents Dhir from removing that case as well. Since the court lacks subject matter jurisdiction over both the '305 and '370 cases, remand is required and the court DENIES Dhir's request for leave to file a motion for reconsideration.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

2